CAROLYN A. DYE (SBN 97527)
3435 Wilshire Blvd.
Suite 990
Los Angeles, CA 90010
Telephone: 213/368-5000
Facsimile: 213/368-5009

Attorney for Sam S. Leslie,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FITNESS HOLDINGS INTERNATIONAL, INC.,<br><br>                   Debtor. | Case No. 2:08-bk-27527-BR<br>     [Chapter 7]<br><br>CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF SAM S. LESLIE IN SUPPORT THEREOF<br><br>Date: January 23, 2017<br>Time: 2:00 p.m.<br>Place: Courtroom 1668<br>       255 E. Temple Street<br>       Los Angeles, CA 90012 |

Sam S. Leslie ("Trustee") for the estate of the Fitness Holdings International, Inc., hereby moves this Court for an order approving the sale of the Estate's right, title, and interest in and to the remaining property of the Estate, consisting of known and unknown assets, rights to payment, or

claims, which have not been previously sold, assigned, or transferred to Oak Point Partners, Inc., an Illinois corporation ("Oak Point").

This Motion is pursuant to 11 U.S.C. § 363(b), Federal Rule of Bankruptcy Procedure 6004, and Local Bankruptcy Rule 6004-1(c); Memorandum of Points and Authorities and Declaration of Sam S. Leslie attached hereto.

## I.

## SUMMARY OF RELIEF SOUGHT

By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

The Purchase Agreement generally provides for an aggregate purchase price of $12,000.00 (the "Purchase Price") to be paid by Oak Point to the Trustee for the benefit of the Debtor's Estate.

In accordance with the Purchase Agreement, the Remnant Assets do not include (i) cash held by the Trustee for distribution to creditors and professionals; and (ii) the Purchase Price for the Remnant Assets.

In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefits of retaining the

Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

## II.

**MEMORANDUM OF POINTS AND AUTHORITIES**

A.  Background and Jurisdiction.

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief sought herein are sections 105(a) and 363 of Title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.  On October 20, 2008, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

4.  On or about April 15, 2010, the Court entered an order converting the Debtor's Chapter 11 bankruptcy case to a Chapter 7 bankruptcy case.

5.  On or about May 12, 2010, the Trustee was appointed as the Chapter 7 trustee for the Debtor's Estate.

6.  Since being appointed, the Trustee has administered the Debtor's Estate for the benefit its creditors in accordance with its power and duties. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum

value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

7. The Trustee has determined that there may exist property of the Debtor's Estate, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets"). These include some unclaimed funds in various locations, none of which exceed nominal amounts. The Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

8. The Trustee and Oak Point have negotiated an agreement (the "Purchase Agreement") for the sale of the Remnant Assets. A copy of the Purchase Agreement is attached hereto as Exhibit A.

B. <u>Bidding Procedures</u>.

9. Contemporaneously herewith, the Trustee has filed the Notice of Motion (the "Notice"), which establishes a deadline by which objections or responses to this Motion must be filed with the Court (the "Response Deadline").

10. While the Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement, in the event a party other than Oak Point (each, an "Interested Bidder") wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, the "Bidding Procedures"):

///

        a.    Each Interested Bidder who wants to participate in the overbid process must notify the Trustee of its intention to do so in accordance with the Notice on or before the Response Deadline;

        b.    Each initial overbid for the Remnant Assets must be at least $20,000.00;

        c.    Each Interested Bidder must submit a cashier's check to the Trustee in the amount of such Interested Bidder's initial overbid; and

        d.    In the event a party other than Oak Point is deemed the winning bidder with respect to the Remnant Assets, such other party shall be required to purchase the Remnant Assets under the same terms and conditions as set forth in the Purchase Agreement.

14. The Trustee believes that the private sale of the Remnant Assets in accordance with the terms of the Purchase Agreement, and as provided herein, serves the best interests of the Debtor's Estate and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate. Accordingly, the sale to Oak Point should be approved as requested.

    C.   <u>Authority for Requested Relief</u>.

15. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of

the estate." 11 U.S.C. § 363(b)(1). To approve use, sale or lease, other than in the ordinary course of business, the Court must find "some articulated business justification." See <u>In re Martin</u> (Myers v. Martin), 91 F.3d 389, 395 (3d Cir. 1996) and <u>In re Abbotts Dairies of Pa. Inc.</u>, 788 F. 2d 143 (3d Cir. 1986 ) (requiring good faith purchasing). Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. Courts have held that transactions should be approved under Section 363(b) of the Bankruptcy Code when they are supported by the sound business judgment of the debtor or trustee, as the case may be. See <u>In re Martin</u>, 91 F.3d 389, 395 (3d Cir. 1986); <u>In re Del. & Hudson Ry. Co.</u>, 124 B.R. 169, 176 (Bankr. D.Del. 1991) (holding that transactions should be approved under Section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); <u>In re Phoenix Steel Corp.</u>, 82 B.R. 334, 335 (Bankr. D.Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

17. The Trustee submits that the Purchase Price is reasonable, for fair value, and was negotiated at arm's length

-6-

and in good faith. Moreover, a private sale is appropriate because any costs associated with an auction of the Remnant Assets would likely exceed the Purchase Price and, in turn, any benefit to the Estate.

18. Courts have held that approval of a proposed sale of property pursuant to Section 363(b) of the Bankruptcy Code is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the debtor. See Comm. of Equity Sec. Holders v. Lionel Corp., 722 F.2d 1063 (2d Cir. 1983); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 391 (6th Cir. 1986); In re Ionosphere Clubs, Inc., 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); In re Phoenix Steel Corp., 82 B.R. 334, 335 (Bankr. D. Del. 1987); In re Del. & Hudson Ry. Co., 124 B.R. 169, 176 (Bankr. D. Del. 1991). A trustee's showing of sound business justification need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

19. Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. See Lionel, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. See In re Chateaugay Corp., 973 F.2d 141, 144 (2d Cir. 1992). The Trustee believes that the Purchase Agreement represents a prudent and proper exercise of business judgment and is in the best interest of creditors of the Debtor's Estate.

20. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." In re Abbott's Dairies of Pa., Inc., 788 F.2d 143, 147 (3d Cir. 1986); See also In re Mark Bell Furniture Warehouse, Inc., 992 F.2d 7, 8 (1st Cir. 1993); In re Willemain v. Kivitz, 764 F.2d 1019, 1023 (4th Cir. 1985); In re Vanguard Oil & Serv. Co., 88 B.R. 576, 580 (E.D.N.Y. 1988).

21. Section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, subject to the rights and defenses of a debtor with respect thereto. As Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the conditions set forth in Section 363(f) of the Bankruptcy Code have been satisfied.

22. Additionally, the Court should approve the Trustee's proposed Bidding Procedures. Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. See, e.g., In re Financial News Network Inc., 931 F.2d 217 (2d

Cir. 1991). Oak Point has expended, and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee. Thus, the proposed Bidding Procedures are appropriate and should be approved.

23. The Trustee submits that the sale of the Remnant Assets is a prudent exercise of its business judgment under the circumstances and is in the best interest of the Debtor's Estate and creditors. Moreover, the Purchase Price for the sale is reasonable and has been negotiated at arm's length. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered for the benefit of the Debtor's Estate and creditors. Accordingly, the Trustee respectfully requests that the Court grant the Motion.

D. <u>Waiver of Stay of Order</u>.

24. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

E. <u>Notice</u>.

25. Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

///

00009

## III.

## CONCLUSION

Trustee respectfully requests that this Court issue an order:

1. Approving the proposed sale of the Property on the terms and conditions set forth in the attached Asset Purchase Agreement free and clear of any liens, encumbrances, claims and interests;

2. Approving the overbidding procedures as described herein;

3. The fourteen-day stay under Bankruptcy Rule 6004(h) has been waived; and

4. Granting such other and further relief as may be just and proper.

Dated: December 27, 2017

_____
Carolyn A. Dye, Attorney for
Sam S. Leslie, Chapter 7
Trustee

**DECLARATION OF SAM S. LESLIE**

I, Sam S. Leslie, declare:

1. I am the appointed Chapter 7 trustee for the bankruptcy estate (the "Estate") of Fitness Holdings International, Inc. (the "Debtor").

2. Each of the facts contained in this Declaration is based upon my personal knowledge and, if called as a witness to do so, I could competently testify thereto.

3. I make this Declaration in support of the Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief ("Motion").

4. On or about October 20, 2008, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

5. On or about April 15, 2010, the Court entered an order converting the Debtor's Chapter 11 bankruptcy case to a Chapter 7 bankruptcy case.

6. I was appointed as the Chapter 7 trustee of the Debtor's Estate on or about May 12, 2010.

7. As set forth in the Motion, filed concurrently herewith, subject to Court approval, I have entered into an agreement with Oak Point Partners, Inc. ("Oak Point") to purchase the Estate's right, title, and interest in and to any remaining property of the Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets"). A copy of the

asset purchase agreement with Oak Point is attached to the Motion Exhibit A.

8. Oak Point has agreed to pay $12,000.00 (the "Purchase Price") for the Remnant Assets. I believe that the Purchase Price is reasonable, for fair value, and was negotiated at arm's length and in good faith. After doing an internet search for unclaimed funds, I am aware there may be some in various locations. However, none of those found have been verified by me and none are in excess of nominal amounts. I am aware there is a long process to try and recover any unclaimed funds and that ai could incur additional estate expenses in trying to do so. Other than these possible unclaimed funds, I am not aware of any other Remnant Assets. In the absence of the proposed sale, the Estate likely would have derived no economic benefit from the Remnant Assets, and I would have abandoned the Estate's interest in such Remnant Assets as being of no known or inconsequential value and benefit to the Estate.

9. I believe that the proposed sale is in the best interest of the Estate, because (a) the sale provides the Estate with an immediate cash payment for the Remnant Assets, from which the Estate likely would otherwise derive no economic benefit; and (b) the sale will complete the administration of the Estate's assets, permitting me to file the final report, distribute the funds in the Estate, and close the case.

///
///
///
///

10.  I have not been contacted by any potential overbidders for the Remnant Assets, and I do not believe that there are any viable alternative purchasers for the Remnant Assets.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed this 27th day of December 2017, at Los Angeles, California.

_____
Sam S. Leslie

**EXHIBIT A**

**00014**

# ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (this "Agreement"), dated as of December __, 2017, is by and between **SAM S. LESLIE, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of the FITNESS HOLDINGS INTERNATIONAL, INC.** ("Debtor") **BANKRUPTCY ESTATE** ("Estate") and **OAK POINT PARTNERS, INC.** ("Purchaser").

## WITNESSETH:

**WHEREAS**, on October 20, 2008, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California ("Court"), assigned Case No. 2:08-bk-27527; and

**WHEREAS**, on or about April 15, 2010, the Court entered an order converting the Debtor's chapter 11 bankruptcy case to a chapter 7 bankruptcy case; and

**WHEREAS**, on or about May 12, 2010, the Trustee was appointed as the chapter 7 trustee of the Debtor's Estate; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS**, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement by the Debtor or Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; and (b) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Twelve Thousand and No/100 Dollars ($12,000.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with

1

00015

respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7. **No Assumption of Liabilities.** The parties agree that Purchaser is acquiring only the Remnant Assets and that Purchaser is neither acquiring nor assuming any liabilities of the Seller under this Agreement, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of California, without giving effect to choice of law principles of the State of California.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**[remainder intentionally left blank; signature page follows]**

2

**THIS AGREEMENT** has been duly executed as of the day and year first above written.


**OAK POINT PARTNERS, INC.**

By: _____
Name: ERIC LINN
Its: President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 965, Skokie, IL 60077
tel (847) 577-1269    fax (847) 655-2746


**FITNESS HOLDINGS INTERNATIONAL, INC. BANKRUPTCY ESTATE**

By: _____
Name: SAM S. LESLIE
Its: Chapter 7 Trustee

Address: 3435 Wilshire Blvd., Suite 990, Los Angeles, CA 90010
tel (213) 368-5000

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3435 Wilshire Blvd., Suite 990, Los Angeles, California 90010.

A true and correct copy of the foregoing document entitled Chapter 7 Trustee's Motion for Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1.   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 29, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Christopher M Alston | alstc@foster.com |
| Henkie F Barron | hfbarron@gmail.com |
| Bradley D Blakeley | bblakeley@blakeleyllp.com, seb@blakeleyllp.com;rclifford@blakeleyllp.com; ecf@blakeleyllp.com;jwhite@blakeleyllp.com |
| Timothy P Burke | tburke@tpblaw.com |
| Paul Carey | pwcarey@modl.com |
| Eric C Cotton | hsmith@ddr.com |
| Carolyn A Dye | trustee@cadye.com |
| David K Eldan | malvarado@pmcos.com, rpinal@pmcos.com;efilings@pmcos.com |
| Jerome Bennett Friedman | jfriedman@jbflawfirm.com, msobkowiak@jbflawfirm.com; jmartinez@jbflawfirm.com;sbiegenzahn@jbflawfirm.com |

☒   Service information continued on attached page

2.   **SERVED BY UNITED STATES MAIL:** On December 29, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court  
The Honorable Barry Russell  
United States Bankruptcy Judge  
255 East Temple Street  
Suite 1660  
Los Angeles, CA 90012

Fitness Holdings International, Inc.  
3900 Kilroy Airport Way  
Suite 213  
Long Beach, CA 90806

☐   Service information continued on attached page

3.   **SERVED BY PERSONAL DELIVERY - N/A:** Pursuant to Fed.R.Civ.P. 5 and/or controlling LBR, on _____, 2017, I arranged for service on the following person as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 29, 2017

_____  
Shawn Sterrett

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1. PROOF OF SERVICE

00018

**ADDITIONAL SERVICE INFORMATION:**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

| | |
|---|---|
| Steven T Gubner | sgubner@ebg-law.com, ecf@ebg-law.com |
| Jean M Heinz | marlena@heinzfeinberg.com |
| Nancy Hotchkiss | nhotchkiss@trainorfairbrook.com |
| Brian D Huben | brian.huben@kattenlaw.com, carole.levine@kattenlaw.com; donna.carolo@kattenlaw.com;ecf.lax.docket@kattenlaw.com; lora.anderson@kattenlaw.com |
| Lance Jasper | lance.jasper@mto.com |
| Derek J Kaufman | derek.kaufman@mto.com |
| David S Kupetz | dkupetz@sulmeyerlaw.com, dperez@sulmeyerlaw.com |
| Dare Law | dare.law@usdoj.gov |
| Sam S Leslie (TR) | sleslie@trusteeleslie.com, sleslie@ecf.epiqsystems.com; trustee@trusteeleslie.com |
| David W. Meadows | david@davidwmeadowslaw.com |
| Zachary Mosner | bcumosner@atg.wa.gov |
| Kevin M Newman | knewman@menterlaw.com, kmnbk@menterlaw.com |
| Christine M Pajak | cpajak@stutman.com |
| Ernie Zachary Park | ernie.park@bewleylaw.com |
| David J Richardson | djr@richardsonbuchanan.com |
| Joy E Roman | jroman@bellroman.com, ecf@bellroman.com |
| Bruce S Schildkraut | bruce.schildkraut@usdoj.gov |
| Bradley R Schneider | bradley.schneider@mto.com, kathleen.mcdowell@mto.com |
| William R Shafton | wshafton@winston.com |
| Robyn B Sokol | ecf@ebg-law.com, rsokol@ebg-law.com |
| Tamar Terzian | terzian@kingobk.com |
| Marcus Tompkins | mtompkins@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com |
| Shane W Tseng | swt@hirschmannlaw.com |
| United States Trustee (LA) | ustpregion16.la.ecf@usdoj.gov |
| William J Weber | wweber@cwolaw.com |
| Gilbert B Weisman | notices@becket-lee.com |
| Kimberly S Winick | kwinick@clarktrev.com |
| Rebecca J Winthrop | rebecca.winthrop@nortonrosefulbright.com, rhonda.cole@nortonrosefulbright.com |
| Aaron E de Leest | aed@dgdk.com, DanningGill@gmail.com;adeleest@ecf.inforuptcy.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1. PROOF OF SERVICE**

00019